Honorable James M. Windham Chairman Texas Board of Corrections Livingston, Texas 77381
Re: Authority of the Department of Corrections to lease land under its control for the removal of sand and gravel
Dear Mr. Windham:
You have asked whether the Texas Board of Corrections is authorized to lease and under its control for the purpose of selling sand and gravel in deposits located on said land. Since you have specified that the land in question is under the control of the Department of Corrections, we assume that none is subject to the provisions of section 86.001, et seq., of the Parks and Wildlife Code. We understand that applicants would bid competitively for `permits,' or surface leases, and that the Board would determine which applicants, if any, would receive contracts. A rental fee for the lease of the surface area would be charged, as well as a fixed fee at the market rate per cubic yard for the sand and gravel sold. Lease revenue would be deposited in the Mineral Lease Fund, and funds collected as royalty from the sale of sand and gravel would be deposited in the Department Operating Fund.
Various statutes authorize the Board of Corrections to lease land under its control. Article 6166o, V.T.C.S., permits the Board to lease `real estate for agricultural or grazing purposes' or `other fixed property . . . upon such terms as it may deem advantageous. . . .' Article 6203a, V.T.C.S., establishes a `Board for Lease of Texas Prison Lands' and provides that lands may be leased `to any person . . . or corporation . . . for the purpose of . . . exploring for and mining, producing . . . and disposing of the oil and/or gas therein. . . .' Finally, article 6203aa-1, V.T.C.S., allows the Board of Corrections to `lease state-owned land under its . . . control at its fair market lease value for an initial period not to exceed 20 years' under such terms as the Board deems appropriate.
Other statutes authorize the Board of Corrections to sell or otherwise dispose of certain property. See, e.g., article 6166o, V.T.C.S., (sale of prison e.g., article 6166o, V.T.C.S., (sale of prison property); article 6166z8, V.T.C.S., (sale of prison made goods); article 6203c, V.T.C.S., (sale of Shaw Farm and Prison-made Goods Act of 1963). However, no statute explicitly or implicitly authorizes the sale of sand and gravel in deposits located on leased land. The question, therefore, is whether express or implied authority to lease land for this purpose is needed, or whether the Board of Corrections may proceed absent some clear prohibition against its doing so.
We conclude that the former is the correct interpretation. Viewed as a whole, the statutes governing the Department of Corrections, articles 6166, et seq., V.T.C.S., clearly indicate an intent on the part of the legislature to regulate closely the kinds of dispositions that the Board of Corrections may make of property under its control. The fact that the legislature has singled out certain purposes for which, and conditions under which, property may be leased or sold, i.e., real estate may be leased for agriculture or grazing, land may be leased for purposes of extracting oil and gas, and certain products may be sold, leaves little room for doubt that the legislature did not intent other property dispositions to be made. Article 6166o, for example, specifically authorizes the sale of personal and moveable property, but only the lease of real estate or other fixed property and appurtenances. Had the legislature wished to confer unlimited authority upon the Board of Corrections to dispose of land as it sees fit, it could easily have done so. See, e.g., Education Code $65.39, which vests in the University of Texas System board of regents the `exclusive management and control [of System lands]' and authorizes the regents to `sell, lease, and otherwise manage, control, and use the lands in any manner . . . and under terms and conditions to board deems best. . . .'
 SUMMARY
Absent express statutory authority, the Board of Corrections may not lease land under its control for the purpose of selling sand and gravel in deposits located on said land.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General